UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALMA WESTFALL, *et al.*,

    Plaintiffs,

        v.

IRONTON METROPOLITAN HOUSING
AUTHORITY, *et al.*,

    Defendants.

Case No. 1:12-cv-866

Judge Timothy S. Black

**ORDER GRANTING DEFENDANT IRONTON METROPOLITAN
HOUSING AUTHORITY'S MOTION TO STRIKE
PLAINTIFF'S PRAYER FOR PRE-JUDGMENT INTEREST (Doc. 7)**

This civil action is before the Court on Defendant Ironton Metropolitan Housing Authority ("IMHA")'s Motion to Strike Plaintiff's Prayer for Pre-Judgment Interest (Doc. 7) and the parties' responsive memoranda (Docs. 13 and 16).

Under Ohio Revised Code §1343.03(C)(1) pre-judgment interest is allowed when:

> <u>Upon motion</u> of any party . . ., the court determines at a hearing held <u>subsequent to the verdict or decision</u> in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case. (Emphasis supplied)

Here, of course, this case is just commencing and no verdict nor decision has yet been achieved. Plaintiff's prayer for prejudgment interest is premature and is only properly presented as a motion subsequent to verdict or decision.

Consequently, pursuant to Fed. R. Civ. P. 12(f), the Court **STRIKES** Plaintiffs' prayer for pre-judgment interest against all Defendants, without prejudice to renewal, after verdict or decision, if warranted.[1]

**IT IS SO ORDERED.**

Date:  4/18/13

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] The Supreme Court of Ohio has held that a losing party has not "failed to make a good faith effort to settle" if the party has met the requirements of a four-prong test: "(1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." *Kalain v. Smith*, 25 Ohio St. 3d 157, 159 (1986).